```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


TRAVELERS INDEMNITY COMPANY,    :
                                :
     Plaintiff,                 :
                                :
     v.                         :     CASE NO. 3:12CV1793(RNC)
                                :
EXCALIBUR REINSURANCE           :
CORPORATION,                    :
                                :
     Defendant.                 :
```

RULING AND ORDER

Plaintiff Travelers Indemnity Company brought this diversity action in December 2012 alleging that defendant Excalibur Reinsurance Corporation failed to pay amounts owing under a treaty of reinsurance.  Pending before the court are plaintiff's Motion for Pre-Pleading Security (doc. #9), Motion to Strike Answer to Complaint (doc. #34) and Motion to Strike Answer to Amended Complaint and Counterclaim (doc. #61).[1]  The court heard argument and evidence in March 2013.  (Docs. #47, #48.)  For the reasons that follow, the Motion for Pre-Pleading Security is granted.

---

[1] District Judge Robert N. Chatigny referred the motions to the undersigned for a ruling.  (Docs. #30, #38, #63.)  The motion for pre-pleading security is non-dispositive for the purposes of Fed. R. Civ. P. 72.  See Arrowood Surplus Lines Ins. Co. v. Gettysburg Nat. Indem. Co., No. 3:09CV972(JCH), 2010 WL 1882314, at *1 (D. Conn. May 10, 2010).

1

A.  <u>Section 38a-27(a) Governs</u>

Plaintiff seeks an order pursuant to Conn. Gen. Stat. § 38a-27(a) prohibiting defendant from filing a responsive pleading unless it posts security.  Section 38a-27(a) provides:

> Before any unauthorized person or insurer[2] files or causes to be filed any pleading in any court action or proceeding . . . instituted against the person or insurer . . . the person or insurer shall either: (1) Deposit with the clerk of the court in which the action or proceeding is pending . . . cash or securities or a bond with good and sufficient sureties to be approved by the court . . . sufficient to secure the payment of any final judgment which may be rendered in the action or proceeding . . . ; or (2) procure proper authorization to do an insurance business in this state.

Defendant argues that § 38a-27(a) does not govern under the circumstances.  It maintains that pre-pleading security is an issue of substantive law and that the parties selected New York law in their contractual choice of law provision (doc. #24-3 at 25).  As a consequence, defendant argues that the court should apply New York's pre-pleading statute in lieu of Connecticut's.[3]

There is another case pending in this district involving

---

[2]"'Unauthorized insurer' or 'nonadmitted insurer' means an insurer that has not been granted a certificate of authority by the commissioner to transact the business of insurance in this state or an insurer transacting business not authorized by a valid certificate."  Conn. Gen. Stat. § 38a-1(11)(E).

[3]Although New York's pre-pleading security statute is nearly identical to Connecticut's, <u>see</u> <u>Hartford Acc. and Indem. Co. v. Ace Amer. Reins. Co.</u>, 103 Conn. App. 319, 337 (2007), defendant prefers the New York statute because it is ostensibly exempt from posting security under the New York statute.

the same reinsurance contracts and parties.  See Travelers Indem. Co. v. Excalibur Reins. Corp., No. 3:11CV1209(CSH) (D. Conn. filed 8/1/2011).  Plaintiff filed this same motion for pre-pleading security in that case.  In a recent ruling on that motion, the Honorable Charles S. Haight held that § 38a-27(a) is a procedural remedy that applies in federal court pursuant to Rule 64(a) of the Federal Rules of Civil Procedure.  See Ruling on Motion for Pre-Pleading Security, Travelers Indem. Co. v. Excalibur Reins. Corp., No. 3:11CV1209(CSH) (D. Conn. Mar. 11, 2014), doc. #133.  In light of Judge Haight's ruling, this court rules that § 38a-27(a) governs.

Defendant next argues that it is exempt from the requirements of § 38a-27(a) because it did not issue the underlying reinsurance contract in Connecticut or deliver it to a Connecticut resident.[4]  If the underlying contract were for primary insurance, defendant would be correct: a related statute provides that insurance transactions § 38a-27 does not apply to insurance transactions "involving a policy lawfully solicited, written and delivered outside of this state covering only

---

[4]The underlying reinsurance contract was brokered and negotiated in New York.  Plaintiff's predecessor in interest, Gulf Insurance Company ("Gulf"), was headquartered in New York during the negotiation and effective period of the contract (April 1, 1999 to April 1, 2001).  (See Brandt Aff., doc. #24-1 ¶ 4.)  A connection to Connecticut arose in 2005 when plaintiff, a Connecticut corporation, merged with Gulf.  (Doc. #24-4 at 5.)

3

subjects of insurance not resident, located or expressly to be performed in this state at the time of issuance." See Conn. Gen. Stat. § 38a-271(c)(2).  However, that statute also provides that its exceptions do not apply to transactions of reinsurance. See Conn. Gen. Stat. § 38a-271(b)(2); Hartford Acc. and Indem. Co., 103 Conn. App. at 332-33 (§ 38a-271(c) exemption did not apply to reinsurance contracts).  Because the underlying transaction in this case was for reinsurance, defendant is not exempt under this theory.[5]

Finally, defendant contends that it is exempt from posting security because it has been ordered by the Pennsylvania Insurance Commissioner not to "establish security deposits with any other jurisdiction without the Commissioner's prior written approval except to the extent required by law."  (Doc. #24-8 ¶ 12.)  As Judge Haight observed in the parties' other pending case, the Commissioner lacks the authority to preempt the Connecticut statute and, "[b]y its plain terms, the order permits Excalibur to make such security deposits 'to the extent required by law' in other jurisdictions."  Ruling on Motion for

---

[5] Addressing this theory in his related ruling, Judge Haight wrote: "[N]either the language of the statute nor the cases construing it suggest that the insurance contract in suit must have been 'issued and delivered' in Connecticut in order to subject an unauthorized insurer to the requirements of the Security Statute."  See Ruling on Motion for Pre-Pleading Security, Travelers Indem. Co. v. Excalibur Reins. Corp., No. 3:11CV1209(CSH) (D. Conn. Mar. 11, 2014), doc. #133 at 5-6.

4

Pre-Pleading Security, Travelers Indem. Co. v. Excalibur Reins. Corp., No. 3:11CV1209(CSH) (D. Conn. Mar. 11, 2014), doc. #133 at 18-19. The Commissioner's order does not shield the defendant.

    B.  Applying § 38a-27(a)

Having determined that § 38a-27(a) governs, the court must decide whether plaintiff is entitled to pre-pleading security. Pre-pleading security is a prejudgment attachment. British Int'l Ins. Co. v. Seguros La Republica, S.A., 212 F.3d 138, 142 (2d Cir. 2000) (interpreting New York's equivalent statute). To satisfy due process, the defendant must have an opportunity to be heard, and it is plaintiff's burden to show that the defendant owes a sum of money under set of contracts. Id. at 143-44. This burden is "uncomplicated" and lends itself to "documentary proof." Id. at 144 n.3 (quoting Connecticut v. Doehr, 501 U.S. 1 (1991)). Relying on the Second Circuit's guidance, the Connecticut Appellate Court held that due process entitles the defendant to a hearing on the amount pre-pleading security at which both parties may present evidence. Hartford Acc. and Indem. Co., 103 Conn. App. 319, 333-37 (Conn. App. 2007). See, e.g., Arrowood Surplus Line Ins. Co. v. Gettysburg Nat. Indem. (SAC) Ltd., No. 3:09CV972 (JCH) (HBF), 2010 WL 1416747 (D. Conn. Apr 06, 2010) (court held hearing at which parties submitted affidavits in lieu of testimony). The

Superior Court elaborated that the plaintiff must show that the defendant is an unauthorized insurer and must "submi[t] some proof that contracts existed, billings were made under the auspices of those contracts, and the bills remain unpaid." Hartford Acc. and Indem. Co., Nos. X02CV030178122S, X02CV030179514S, 2008 WL 4635451, at *3 (Conn. Super. Sept. 19, 2008). The scope of the hearing does not extend to the merits of the case or its likely outcome. Id. at *2-3.

Here, each party submitted an affidavit of one of its officers with supporting exhibits. (Robles Aff., doc. 11; Brandt Aff., doc. #24-1.) The exhibits included the reinsurance contract (doc. #24-3) and billing (doc. #24-5) at issue. At an evidentiary hearing on March 14, 2013, plaintiff adduced testimony from its second vice president of ceded reinsurance claims, and defendant cross-examined her. Defendant declined to call a witness. Based on the affidavits, exhibits and testimony, plaintiff has demonstrated that defendant is an unauthorized insurer in Connecticut, that a reinsurance contract existed, that a billing for $824,591.79 was made under the auspices of that contract, and that the bill remains unpaid. The court finds that security in the amount of $824,591.79 is "sufficient to secure the payment of any final judgment which may be rendered in the action or proceeding." Conn. Gen. Stat. § 38a-27(a).

C.  Conclusion

For the foregoing reasons, plaintiff's Motion for Pre-Pleading Security (doc. #9) is GRANTED in the amount of $824,591.79.  The Motions to Strike (docs. #34, #61) are DENIED WITHOUT PREJUDICE.  Defendant shall post security for the full amount pursuant to Conn. Gen. Stat. § 38a-27(a) by **March 27, 2014**.  If defendant fails to do so, plaintiff may renew its motions to strike.

SO ORDERED at Hartford, Connecticut this 17th day of March, 2014.

 _____/s/_____
 Donna F. Martinez
 United States Magistrate Judge